REGAN, Judge.
Plaintiff, Charles F. Jaeger, employed as a machine operator and plumber’s apprentice, instituted this suit against the defendant, James F. O’Neil Company, Inc., his-former employer, endeavoring to recover maximum workmen’s compensation[1] for permanent and total disability, together with medical expenses, attorney’s fees and penalties, resulting from an accident which occurred on August 25, 1960, at which time he fell into a hole about thirteen feet deep, causing multiple injuries to his head and body.
The defendant answered and admitted the occurrence of the accident but denied that *222 the plaintiff was totally and permanently disabled as a result thereof and asserted that both compensation and medical expenses [2] had been paid by it until such time as the plaintiff had fully recovered from his injuries.
From a judgment in favor of the defendant, dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals an admission by the defendant that the plaintiff had incurred injuries in the course of his employment and that he was entitled to be paid compensation to the date that he was discharged by the physician who treated him.
The plaintiff, on the other hand, insists that as a result of the injuries set forth briefly in the first paragraph hereof, he is now totally and permanently disabled and thus unable to resume his former occupation as a machine operator or plumber’s helper.
In order to substantiate the foregoing conclusion, the plaintiff offered in evidence a medical report of Dr. Edward T. Haslam, an orthopedist, who stated that the plaintiff had incurred a disability to the body as a whole of fifteen or twenty per cent, however, he concluded by asserting that while some difficulty may be encountered by the plaintiff as a result thereof, “This would not necessarily prevent him from working as a winch machine operator and plumber’s helper * *
Drs. George C. Battalora and H. R. So-boloff, both orthopedists, appeared at the trial hereof and testified that their examination of the plaintiff was negative, therefore, he had fully recovered from his injuries and could resume his former occupation.
Dr. Elmo J. Cerise, the treating physician, appeared through the medium of a medical report, which was offered in evidence. It disclosed that his findings were likewise negative, and he was also of the opinion that the plaintiff could resume his former occupation.
The only other pertinent evidence[3] offered to support the plaintiff’s claim for total and permanent disability predicated on “pain” when he worked, was the laborious testimony of himself and his wife which was, to say the least, nebulous, vague and therefore very unconvincing.
Predicated on the foregoing evidence the trial court reasoned that the plaintiff had not proven his case with that certainty required by law and accordingly dismissed his suit.
The only question which this appeal has posed for our consideration is whether the above conclusion is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We reiterate, what we have said in innumerable opinions, no useful purpose would be served by indulging in a protracted discussion of the medical testimony; suffice it to say that our analysis thereof convinces us that the trial judge very wisely evaluated it when he concluded that it failed to substantiate the plaintiff’s claim, and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Subject to a credit of $825.00, compensation paid from August 25, 1960 to February 6, 1961, a total of 23Vt weeks.

. Medical expenses had been paid in the amount of $566.70.

. Robert F. Jaeger, the plaintiff’s uncle, and Joe E. Zundel, both foremen employed by the defendant, also appeared on behalf of the plaintiff. Zundel asserted that the plaintiff had worked for him for five days very satisfactorily. Jaeger related vaguely, but eagerly, that the plaintiff had complained to him of a pain in his neck when he worked.